No. 2746.

DAVID A. MARTIN *v.* MRS. L. A. CANNON, Administratrix et al.

Where an exception to the suit was filed on the ground that the heir had been put in possession of the property and the administratrix could not be sued, and where, on said plea, the exception as to the administratrix was sustained, and the case was tried as to the heir; Held—That the suit should have been dismissed.

The Second District Court of the parish of Orleans has only probate jurisdiction, and had not jurisdiction to try the suit against the heir who had been put in possession of the property of the succession.

Where, on plaintiff's appeal, the judgment of the court *a qua* was reversed and plaintiff's suit dismissed;

Held—On rehearing: That plaintiff is to pay costs in the court *a qua*, and appellee the costs of appeal.

APPEAL from the Second District Court, parish of Orleans, *Duvigneaud,* J. *Race, Foster & Merrick,* for plaintiff and appellant. *W. B. Koontz* and *L. Madison Day,* for defendants and appellees.

Justices concurring : Ludeling, Taliaferro, Howell, Kennard.

LUDELING, C. J. This suit is brought to recover from the succession of Elijah Cannon certain moneys collected by E. Cannon, as agent of the plaintiff, and to recover the amount of certain notes alleged to have been executed by E. Cannon. The petition alleges that Mrs. Marie Louise Cannon, wife of W. B. Koontz, has been put in possession of said property, after having given bond according to law, and judgment is prayed for against the administratrix aforesaid, and in the event the administratrix fails to pay the judgment, that there be judgment against the said heir.

An exception was filed to this suit, on the ground that the heir had been put in possession of the property, and the administratrix could not be sued. The exception as to the administratrix was sustained, and the case was tried as to the heir. We think the suit should have

15

been dismissed.    Article 996, Code of Practice, declares, " the case is different when such estates are in possession of heirs either present or represented in the State, although all or some of those heirs be minors ; for in such case the actions for debts due such successions shall be brought before the ordinary tribunals, either against the heirs themselves, if they be of age, or against their curators if they be under age or interdicted."

The Second District Court of the parish of Orleans has only probate jurisdiction, and had not jurisdiction to try the suit against the heir who had been put in possession of the property of the succession.

It is therefore ordered and adjudged that the judgment of the court a qua be annulled, and that there be judgment dismissing the plaintiff's action, with costs, without prejudice to his right to bring the suit in a proper tribunal.

## ON REHEARING.

Justices concurring : Ludeling, Howell, Taliaferro, Morgan, Wyly.

MORGAN, J.    A rehearing was granted in this case upon the question of costs of appeal.    Costs follow the judgment, and as the judgment was in favor of appellant, it is now ordered that the judgment heretofore rendered by us be amended so as to read as follows :·

It is therefore ordered, adjudged and decreed that the judgment of the court a qua be annulled, and that there be judgment dismissing the plaintiff's action, without prejudice to his right to bring the suit in a proper tribunal, the costs of the lower court to be paid by plaintiff, and the costs of appeal by the appellees.